## Henry W. Schroeder, Appellant, v. Adolph Goldsmith, Appellee.

October term, 1930. Heard in this court at the Opinion filed January 19, 1931. Rehearing denied February 24, 1931.

C. A. McNeill and Murray & Niehoff, for appellant.

Maurice B. Johnston, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The appellant started suit in a court of a justice of the peace in Clinton county, Illinois, to recover damages from the appellee for rent of certain premises and overcharge, as he claims, for threshing. The appellant in the court of the justice of the peace obtained

judgment by default. The appellee prayed and perfected an appeal to the county court of Clinton county, and when the case was called for trial, filed a plea of set-off. The plea of set-off is in the most general terms denying that the defendant is indebted to plaintiff in the sum of $58.20, and claims the plaintiff is indebted to the defendant in the sum of $300, without specifying what it is for, or any particulars whatsoever. Trial was had before a jury which rendered a judgment in favor of the defendant upon his plea of set-off in the sum of $200. The original plaintiff, now appellant, brings the case to this court on appeal.

It is the contention of the appellee that he built a machine shed on the premises, which the appellant purchased at a sale from the trustee in bankruptcy of the Fred Wiese bankrupt estate; that the appellant has refused to let him remove this building, and, therefore, was liable for damages to the appellee for the reasonable value of the building. The court allowed this proof under the plea of set-off.

Before the appellee could maintain such a defense the burden would be upon him to show that the appellant had notice of his right in the premises before he purchased the property at the trustee's sale, as the presumption is that when one person makes an improvement on the property of another without the consent of the owner of the fee, the improvements, when made, become a part and parcel of the land and the title to them becomes vested in the owner of the fee, unless there are facts connected with the case to take it out of the operation of the general rule. (*Mathes v. Dobschuetz,* 72 Ill. 438, 441; *Dooley v. Crist,* 25 Ill. 551, 556.)

The appellant testifies that he had no notice of the building in question belonging to the appellee; that he bought it free and clear of all incumbrances except the taxes for 1927. Mr. A. D. Lager, an attorney at law,

testified that he was present at the time of the sale and the terms announced were that the sale would be for cash, and that the farm was for sale as it stood with the buildings on it. An examination of the abstract of evidence shows that there is no witness who testifies that there was any notice whatsoever given of appellee Goldsmith's claim of any right or title to this machine shed until after the sale of the property to the appellant.

Mr. B. J. Timmerman, the trustee in bankruptcy, who made the sale, testified that he thought that he might have announced that the building belonged to Goldsmith, but he was not sure, and he thought probably it was advertised that way in the newspaper. A copy of the newspaper containing the advertisement was introduced in evidence and it makes no reference whatsoever to any building being owned by anyone, except the owner in fee. The deed from the trustee to the appellant, and also a deed from Fred Wiese, the former owner of the property, to the appellant showed that the hereditaments and appurtenances belonging to the said land were conveyed to the appellant, Henry W. Schroeder. The appellee's testimony is that he had no conversation with the appellant until several days after the sale, and at the time Mr. Schroeder claimed that he had purchased the building.

The evidence does not show that there was any contract whatsoever, either express or implied, between these parties whereby the appellant should pay the appellee anything for the building in question and it was not a proper matter for a set-off. There is no evidence to show that appellant had any notice whatsoever of the claim of the appellee for this building until after he had purchased the property.

For these reasons the judgment of the county court of Clinton county is hereby reversed and the case remanded.

*Reversed and remanded.*